# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>ADPT DFW Holdings, LLC,<br><br>      Reorganized Debtor. | Case No. 17-31432-SGJ-11 |
| Drivetrain, LLC, as Litigation Trustee of the Adeptus Litigation Trust,<br><br>      Plaintiff,<br><br>vs.<br><br>McKesson Corporation dba McKesson Provider Technologies,<br><br>      Defendant. | Adv. No. 19-03096-SGJ |

## ANSWER

Defendant, McKesson Corporation dba McKesson Provider Technologies ("<u>Defendant</u>"), now known as Change Healthcare Technology Enabled Services, LLC, files this Answer and responds to the *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* ("<u>Complaint</u>") filed by Drivetrain, LLC ("<u>Plaintiff</u>") on April 16, 2019, and states as follows:

1

## NATURE OF THE CASE

1.Defendant admits that Plaintiff seeks relief as described in numbered paragraph 1 of the Complaint but denies that is entitled to the relief sought.

2.Defendant admits that Plaintiff seeks relief as described in numbered paragraph 2 of the Complaint but denies that Plaintiff is entitled to the relief sought.

## JURISDICTION AND VENUE

3.Defendant admits the allegations contained in numbered paragraph 3 of the Complaint.

4.Defendant admits that Plaintiff is seeking relief under the referenced sections of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure but denies that Plaintiff is entitled to the relief sought.

5.Defendant admits that this action is a core proceeding under 28 U.S.C. § 157(b)(2). Defendant further states that it does not consent to the entry of a final order or judgment by the Court and respectfully requests that proposed findings of fact and conclusions of law be delivered to the District Court for *de novo* review and final adjudication, as prescribed by 28 U.S.C. § 157(c)(1).

6.Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in numbered paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in numbered paragraph 8 of the Complaint.

9. Defendant admits that the effective date of the Plan was October 2, 2017. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in numbered paragraph 9 of the Complaint.

10. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 10 of the Complaint.

11. Defendant admits that the Court approved substantive consolidation of the Debtors' estates as provided in the Confirmation Order (Docket No. 821) and the Memorandum Opinion regarding Substantive Consolidation (Docket No. 824). Defendant denies any allegations in paragraph 11 of the Complaint that are inconsistent with the referenced Docket entries.

12. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 12 of the Complaint.

## THE PARTIES

13. Defendant denies the allegations contained in numbered paragraph 13 of the Complaint.

14. Defendant's engagement by Debtors was documented by contract(s), the terms of which speak for themselves. Defendant denies that the Debtors have accurately characterized that engagement and otherwise denies any remaining allegations of this paragraph.

## FACTUAL BACKGROUND

15. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 15 of the Complaint.

16. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 16 of the Complaint.

17. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 17 of the Complaint.

18. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 18 of the Complaint.

19. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 19 of the Complaint.

20. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 20 of the Complaint.

21. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 21 of the Complaint.

22. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 22 of the Complaint.

23. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 23 of the Complaint.

24. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 24 of the Complaint.

25. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 25 of the Complaint.

26. Defendant admits that January 19, 2017 to April 19, 2017 is the ninety (90) day preference period. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining allegations contained in numbered paragraph 26 of the Complaint.

27. Defendant admits that Defendant provided services to one of the Debtors, namely First Choice ER, LLC, under one or more written agreements and that Defendant issued invoices and received payments, including three payments totaling $1,611,108.16 that Defendant received at or about the times alleged in the Complaint (collectively, the "Transfers"). Defendant further admits that these payments were for three invoices (i.e., Invoice 7003318329 in the amount of $563,240.13, Invoice 7003336067 in the amount of $539,220.27 and Invoice 7003358795 in the amount of $508,647.76). Defendant denies any remaining allegations contained in numbered paragraph 27 of the Complaint.

28. Defendant admits that it conducted business as described in paragraph 27 above, through and including the Petition date. Defendant denies any remaining allegations contained in numbered paragraph 28 of the Complaint.

29. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 29 of the Complaint.

30. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 30 of the Complaint but denies that Plaintiff is entitled to the relief sought.

31. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 31 of the Complaint.

32. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 32 of the Complaint but denies that Plaintiff is entitled to the relief sought.

## CLAIMS FOR RELIEF

## COUNT I

33. Defendant incorporates its responses to paragraphs 1-32 set forth above as if restated herein in their entirety.

34. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 34 of the Complaint.

35. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 35 of the Complaint.

36. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 36 of the Complaint.

37. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 37 of the Complaint.

38. Defendant admits that it conducted business as described in paragraph 27 above. Defendant further admits that the payments that it received were for, or on account of, an antecedent debt. Defendant denies any remaining allegations contained in numbered paragraph 38 of the Complaint.

39. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 39 of the Complaint.

40. Defendant admits that it conducted business as described in paragraph 27 above. Defendant denies any remaining allegations contained in numbered paragraph 40 of the Complaint.

41. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in numbered paragraph 42 of the Complaint.

## COUNT II

43. Defendant incorporates its responses to paragraphs 1-42 set forth above as if restated herein in their entirety.

44. Defendant denies the allegations contained in numbered paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in numbered paragraph 45 of the Complaint.

## COUNT III

46. Defendant incorporates its responses to paragraphs 1-45 set forth above as if restated herein in their entirety.

47. Defendant denies the allegations contained in numbered paragraph 47 of the Complaint.

48. Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in numbered paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in numbered paragraph 49 of the Complaint.

## **COUNT IV**

50. Defendant incorporates its responses to paragraphs 1-49 set forth above as if restated herein in their entirety.

51. Defendant denies the allegations contained in numbered paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in numbered paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in numbered paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in numbered paragraph 54 of the Complaint.

55. Any allegation in the Complaint not specifically admitted herein is denied.

56. Any use by Defendant herein of a term defined by Plaintiff in the Complaint is done for convenience only and shall not be construed as an admission to any matter, unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FOR A FIRST DEFENSE
### (Failure to State a Claim)

One or more of the counts set forth in the Complaint fail to state facts sufficient to constitute a cause of action against one or more of the Defendants, and, therefore, must be dismissed for failure to state a claim upon which relief may be granted as provided in Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A SECOND DEFENSE
### (Setoff/Recoupment)

Defendant denies that Plaintiff has any basis whatsoever for the affirmative relief sought in the Complaint, but if the Court were to grant such relief, the Defendant would be entitled to a recoupment and/or setoff against such relief and entitled to an order of this Court recognizing and declaring Defendant's equitable right to repayment in full.

### FOR A THIRD DEFENSE
### (Value Provided Under 11 U.S.C. § 550(b))

Defendant would show that the Transfers that are subject of the Complaint were taken for value, in good faith, and without knowledge of the voidability of any transfers Plaintiff seeks to avoid.

## FOR A FOURTH DEFENSE
### (Subsequent New Value Under 11 U.S.C. § 547(c)(4))

The Transfers that Plaintiff seeks to recover do not constitute voidable transfers under 11 U.S.C. §§ 547 or 550 because, subsequent to the payments in question, the Defendant gave new value to or for the benefit of the Plaintiff (i) not secured by an otherwise unavoidable security interest, and (ii) on account of which new value Plaintiff did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## FOR A FIFTH DEFENSE
### (Ordinary Course Under 11 U.S.C. § 547(c)(2))

The Transfers that Plaintiff seeks to recover do not constitute voidable transfers under 11 U.S.C. §§ 547 or 550 because the Transfers were in payment of a debt incurred by the Plaintiff in the ordinary course of business or financial affairs of the Plaintiff and the Defendant and the transfers were (i) made in the ordinary course of business or financial affairs of the Plaintiff and the Defendant, or (ii) made according to ordinary business terms.

## FOR A SIXTH DEFENSE
### (Lien on or Retained Interest in Subsequent Value Under 11 U.S.C. § 548(c))

Defendant is entitled to a lien on or retained interest in any value given in exchange for the Transfers because any Transfers received by Defendant were received in good faith and for value.

## FOR A SEVENTH DEFENSE
### (Unclean Hands)

One or more of Plaintiff's claims is barred because Plaintiff, or any of its predecessors in interest (including the Debtors), has unclean hands.

## FOR AN EIGHTH DEFENSE
### (Estoppel)

One or more of Plaintiff's claims is barred by the doctrine of estoppel.

## FOR A NINTH DEFENSE
### (Laches)

One or more of Plaintiff's claims is barred by the doctrine of laches.

## FOR A TENTH DEFENSE
### (Waiver)

One or more of Plaintiff's claims is barred by the doctrine of waiver.

## FOR AN ELEVENTH DEFENSE
### (Additional Affirmative Defenses Reserved)

Defendant reserves the right to raise any additional affirmative defenses not specifically set forth herein as becomes necessary and appropriate during the discovery process.

WHEREFORE, Defendant prays that:

(i)    the Complaint be dismissed;

(ii)   Judgment be entered in favor of Defendant;

(iii)  Plaintiff be assessed with all costs of this action; and

(iv)     Defendant have such other and further relief as the Court deems just and proper.

Dated this 17th day of May, 2019.

                                         */s/ Brian C. Boyle*
                                         Brian C. Boyle
                                         TX Bar No.: 24045543
                                         LIGHTFOOT, FRANKLIN & WHITE LLC
                                         1885 Saint James Place, Suite 1150
                                         Houston, TX 77056
                                         (713) 960-1488 (Phone)
                                         (713) 960-8991 (Fax)
                                         bboyle@lightfootlaw.com

                                         *Attorneys for Defendant McKesson*
                                         *Corporation dba McKesson Provider*
                                         *Technologies*

## CERTIFICATE OF SERVICE

I, hereby certify that I served a true and accurate copy of the foregoing *Answer* by depositing a copy of same in the U.S. Mail, postage prepaid, in a properly addressed envelope to the following:

David W. Elmquist
Reed & Elmquist
501 N. College Street
Waxahachie, TX 75165

This 17th day of May, 2019.

                    */s/ Brian C. Boyle*
                    Brian C. Boyle
                    TX Bar No.: 24045543